### CAREY CO v RIESTER & THESMACHER CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13571. Decided May 14, 1934

Griswold, Green, Palmer & Kapp, Cleveland, for plaintiff in error.

Thompson, Hine & Flory, Cleveland, for defendant in error.

## OPINION

By LIEGHLEY, PJ.

The facts above stated do not seem to be in dispute. With these facts before us and apparently undisputed, we are unable to see any jury issue.

In fact the issue was submitted to the jury over the objection of plaintiff. The jury found that Alternate No. 77 was not within the contemplation of the parties at the time they contracted and that Alternate No. 77 in consequence represents extra work for which plaintiff is entitled to recover extra compensation.

Opposed to the claims of defendant and supporting the verdict of the jury is the testimony of the negotiating officer of the plaintiff company who testified that he did not bid on Alternate No. 77, although he admitted that he was familiar with the general plans for this school building and that Alternate No. 77 was in the office at the time he bid.

The general contract was executed on July 24, 1930 and this contract called for the construction of a high school building in accordance with plans, specifications and twelve alternates contained in the Addenda theretofore submitted. Prospective bidders were invited to bid for the construction of this building in accordance with these plans. Bids were submitted upon these plans. The contract was awarded on these plans. When we say "these plans" we repeat we mean the plans and specifications and the twelve alternates contained in the Addenda approved by resolution of the Board of Education on July 21st, 1930.

Every contract of a sub-contractor and every contract with a sub-contractor is deemed to have been executed with reference to the original plans and specifications and alternates covered and included within the general contract, unless something to the contrary expressly appears in the particular contract under consideration. If a sub-contractor agrees to do the brick work in and upon a certain proposed building, it is understood that he does such brick work in such manner and in such

amount as is provided for and required under the general contract, unless said subcontract otherwise expressly provides.

So in this case, the plaintiff understood in writing to do the sheet metal work for a given sum. Thereafter the defendant issued its work order in which alternates are expressly required to be performed. Those two paper writings, it was understood, expressed the contract between the parties. Nothing therein indicated that Alternate No. 77 is not included in that contract, but there is express reference sufficient to say that it was expressly included therein. The plaintiff proceeded with the work and performed without protest or notice during the progress of the work. Its demand for extra compensation therefor was made long after. The evidence of the parties in writing forbids a conversion of the major issue into a jury question by the negotiating officer merely asserting that he did not bid on Alternate No. 77, although it was in his office at the time.

It is our conclusion that from all the facts and circumstances in the proof, the performance of the work required under Alternate No. 77 was included within the sum for which plaintiff agreed to do the sheet metal work under the original plans, specifications and Addenda upon which the general contract was let and that this subcontract was let understandingly with reference thereto.

It is also our conclusion that under the facts and circumstances developed by this proof, it was not for the decision of the jury to say what the contract between the parties hereto was.

For the foregoing reasons the judgment is reversed and final judgment is rendered for plaintiff in error.

LEVINE, J, concurs in judgment.
McGILL, J, dissents.